IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENERVA W. TROTMAN, ) | |
| ) | |
| Plaintiff ) | Case No. 1:20-cv-00068 (Erie) |
| ) | |
| vs. ) | |
| ) | RICHARD A. LANZILLO |
| TIMOTHY SMITH, ) | UNITED STATES MAGISTRATE JUDGE |
| ) | |
| Defendant ) | |
| ) | O R D E R |

Presently before the Court is a motion for jury trial filed by the Plaintiff. ECF No. 22. For the reasons that follow, the motions is GRANTED, notwithstanding its untimeliness.

The right to a jury trial in a civil case is a fundamental right expressly protected by the Seventh Amendment to the United States Constitution. *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) (citing *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)). Any party seeking a jury trial is required to make a timely demand for a jury by filing the demand with the Clerk of Court within 14 days after being served with the last pleading directed to the issue. Fed. R. Civ. P. 38(b). Failure to make a timely jury demand results in waiver of the right to have the matter heard by a jury. *Id.*; *see also Plummer v. Gen. Elec. Co.*, 93 F.R.D. 311, 313 (E.D. Pa. 1981). Nevertheless, a party may, upon motion to the court, and in the court's discretion, seek leave to file an untimely demand for a jury. *U.S. S.E.C. v. Infinity Grp. Co.*, 212 F.3d 180, 195 (3d Cir. 2000) (citing Fed. R. Civ. P. 39(b)).

The United States Court of Appeals for the Third Circuit has established a five-factor balancing test for a district court to use in determining whether to permit an untimely demand for a jury under Rule 39(b). *Infinty Grp. Co.*, 212 F.3d at 195–96 (citation omitted). The court must examine and weigh: (1) whether the issues are suitable for a jury; (2) whether granting the motion

1

would disrupt the schedule of the court or the adverse party; (3) whether any prejudice will result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely jury demand. *Id.* The Court considers each of these factors below.

1. Suitability of Issues for Jury

Plaintiff's complaint is fairly simple and alleges one count against the Defendant for retaliation. ECF No. 22, ¶ 2. Retaliation claims in the prison context present proper jury questions. *See, e.g., DuBoise v. Woods*, 2020 WL 437706, at *6 (W.D. Pa. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 435918 (W.D. Pa. Jan. 28, 2020). The first factor weighs in favor of granting the motion .

2. Disruption of Scheduling

Unlike other cases where courts have denied a plaintiff's untimely request for a jury, no scheduling orders issued here. *Compare Shen Mfg. Co. v. Family Dollar Stores, Inc.*, 2006 WL 3164788, at *1 (E.D. Pa. Oct. 31, 2006) ("[W]hen the trial date was set, all counsel discussed the case as a non-jury trial, and the agreed upon scheduling order includes submission dates for findings of fact and conclusions of law. This schedule clearly contemplated the fact that a non-jury trial requires less pre-trial preparations for the court and counsel because there is no need to become involved with voir-dire questions and proposed jury instructions."). Thus, there is no reason why granting Plaintiff's Motion would disrupt the case schedule in any way and the second factor accordingly weighs in favor of granting the motion.

3. Prejudice to Defendants

Courts often find prejudice results when the untimely jury demand comes after discovery has closed and the case is on the eve of trial. *See Infinity Grp. Co.*, 212 F.3d at 196 (affirming denial of plaintiff's untimely request where district court noted that defendant's case would be greatly prejudiced since "the demand was made only two weeks before trial—and not fully briefed until one

week before trial"); *Faylor v. Szupper*, 411 F. App'x 525, 532 (3d Cir. 2011) (holding there was no abuse of discretion where district court observed that "defendants would be seriously prejudiced" because "discovery has already closed"); *Fort Washington Res., Inc. v. Tannen*, 852 F. Supp. 341, 343 (E.D.Pa.1994) (finding prejudice where the "discovery deadline in this case ended ... and this case was scheduled to be placed in the trial pool ....The parties have submitted their proposed pretrial memoranda, as well as their trial memoranda.... To allow defendant to now request a jury trial at the eleventh hour would severely hamper plaintiff and counterclaim defendant who have prepared their case with the mindset that there would be no jury").

Here, the Defendant has yet to file an Answer to the Amendment Complaint. Thus, he is not prejudiced by Plaintiff's request because there remains sufficient time to modify trial strategy, *see Shen Mfg. Co.,* 2006 WL 3164788, at *2. Thus, the Court concludes that granting Plaintiff's Motion will cause no significant prejudice to Defendants. The third factor weighs in favor of granting the motion.

4.   Length of Delay

Under Rule 38(b), the deadline for Plaintiff to request a jury trial was June 1, 2020. *See* Fed. R. Civ. P. 38(b); *see also* (ECF No. 11) (docketing Plaintiff's Amended Complaint on May 18, 2020). Plaintiff filed the instant Motion on October 22, 2020; hence, Plaintiff's jury demand is approximately four months late. Courts have granted untimely jury demands after comparable time has passed, *e.g., Young v. Kolbey*, 2013 WL 1285471, at *4 (E.D. Pa. Mar. 29, 2013) (granting plaintiff's request despite delay of approximately four months) and since the Defendant has yet to file an Answer, the fourth factor weighs in favor of granting the motion.

5.   Reason for Failure to Timely Demand

Plaintiff has offered no excuse for his untimeliness in requesting a jury. Mere inadvertence, oversight, or lack of diligence alone generally does not justify granting a party's untimely demand for

3

a jury trial. *Infinity Grp. Co.*, 212 F.3d at 195 (citation omitted). However, the Third Circuit has held that "this is not a mechanical rule." *Id.* Rather:

> Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application ...

*Plummer*, 93 F.R.D. at 313. Thus, while the fifth factor weighs against granting Plaintiff's Motion, it is not dispositive.

A review of the above five factors weighs in favor of granting Plaintiff's Motion for a Jury Trial. Although Plaintiff's demand is months late, it will not cause any prejudice to the Defendant and Plaintiff's Motion for a Jury Trial shall be granted. An appropriate Order follows.

ORDER

AND NOW, this 17th day of November, 2020, upon consideration of Plaintiff's Motion for a Jury Trial Pursuant to F.R.C.P. 39(b) (ECF No. 22), it is hereby ORDERED that Plaintiff's Motion is GRANTED.

_____
RICHARD A. LANZILLO
United States Magistrate Judge